

# Fourth Court of Appeals
## San Antonio, Texas

June 10, 2015

No. 04-15-00329-CV

Michael E. **GEIGER**,
Appellant

v.

Paul A. **HAMPEL**,
Appellee

From the 407th Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-13615
Honorable Renee Yanta, Judge Presiding

# O R D E R

The clerk's record was filed June 9, 2015. Our review of the clerk's records shows appellant filed a notice of appeal in which he contends he is appealing the "Judgment on Appearance and Default" signed April 13, 2015. After reviewing the clerk's record, we have found no such order. Rather, the only order in the record is the trial court's order of May 11, 2015, granting a partial summary judgment in favor of appellee. According to the record, the summary judgment was granted on appellee's claim that there was no attorney-client relationship between appellant and appellee. After granting partial summary judgment in favor of appellee, the trial court set appellant's remaining claims for trial on May 29, 2015. However, the trial was subsequently stayed because appellant filed a notice of appeal

Based on our review of the record, it appears the only order in the record is interlocutory — it does not dispose of all of appellant's claims against appellee — and not appealable. Generally, an appeal may be taken only from a final judgment. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 196 (Tex. 2001). A judgment is final for appellate purposes if it disposes of all pending parties and claims in the record. *Id.* There is no final judgment in the clerk's record, and we have found no authority permitting an interlocutory appeal from a partial summary judgment order in the circumstances presented here. *See Texas A & M Univ. Sys. V. Koseoglu*, 233 S.W.3d 835, 840 (Tex. 2007) (holding appellate courts have jurisdiction to consider interlocutory orders only if statute explicitly provides such jurisdiction).

Accordingly, we **ORDER** appellant to file a written response in this court on or before **July 10, 2015**, showing cause why this appeal should not be dismissed for want of jurisdiction.

If appellant fails to satisfactorily respond within the time provided, the appeal will be dismissed. *See* TEX. R. APP. P. 42.3(c). If a supplemental clerk's record is required to establish this court's jurisdiction, appellant must ask the trial court clerk to prepare one and must notify the clerk of this court that such a request was made. All deadlines in this matter are suspended until further order of the court.

We **order** the clerk of this court to serve a copy of this order on the trial court, appellant, appellee, the district clerk, and the court reporter.

_____
Marialyn Barnard, Justice

IN WITNESS WHEREOF, I have hereunto set my hand and affixed the seal of the said court on this 10th day of June, 2015.

_____
Keith E. Hottle
Clerk of Court